## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Bankruptcy No. 15-12508-SBB |
| PAUL D. STICKLER | ) |
| SSN:XXX-XX-0707 | ) Chapter 7 |
|    Debtor. | ) |
| | ) |
| SWIFT FINANCIAL CORPORATION, | ) Adversary Case No. 15-01193-SBB |
| | ) |
|    Plaintiff | ) |
| , vs. | ) |
| PAUL D. STICKLER, | ) |
|    Defendant | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C §§ 523 (a)(2), (4) AND (6)**

Paul Stickler ("Stickler") by and through his undersigned counsel, hereby files his answer to Swift Financial's Complaint Objecting to Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2), (4) and (6) states:

### PARTIES, VENUE AND JURISDICTION

1. Admitted.
2. Stickler has insufficient information to either admit or deny this allegation.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.

### GENERAL ALLEGATIONS

7. Admitted.
8. Admitted.

1

9. Admitted.

10. Admitted.

11. Denied. JCI is no longer functioning.

12. Stickler admits that on or around September 3, 2014, Swift entered into a Future Receivables Sale Agreement with FCF (the "Sale Agreement"), with the Debtor as guarantor. Stickler denies that FCF sold to Swift $69,950 in future receivables ("Future Receivables") for $50,000 (the "Purchase Price") Stickler has insufficient information to either admit or deny the remainder of this allegation.

13. Denied..

14. Stickler has insufficient information to either admit or deny this allegation.

15. Admitted.

16. Stickler admits that approximately one month after the payment of the Purchase Price, the Debtor opened JCI and that approximately 80 days after the payment of the Purchase Price, FCF was dissolved. Stickler denies the remaining allegations of this paragraph.

17. Denied.

18. Denied.

19. Stickler admits that at the time of the execution of the Sale Agreement, he knew he had sold to Swift FCF's Future Receivables. Stickler denies the remaining allegations of this paragraph.

20. Stickler admits that at the time of the execution of the Sale Agreement, he knew FCF had the Daily Payment and ACH obligations under the Sale Agreement. Stickler denies the remaining allegations of this paragraph.

21. Stickler denies that at the time of the execution of the Sale Agreement the Disclosure did not reflect the future earnings of FCF and therefore was false and misleading. Stickler has insufficient information to either admit or deny this allegation.

22. Denied.

23. Admitted that Swift is listed on the Debtor's Schedule F as filed in the Bankruptcy Case with a claim amount of $57,634, but denied that it should be deemed the "Nondischarge Claim".

## COUNT I
## NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)

24. Stickler realleges and incorporates by reference his answer to each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

25. Denied.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

WHEREFORE Stickler requests that this Count be dismissed and for such other relief as this Court sees fit to grant

### COUNT II
### NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

32. Stickler realleges and incorporates by reference his answer to each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

33. Admitted that Stickler either personally or through entities under his ownership and/or control, including FCF, received and maintained the Daily Payment, but has insufficient information to either admit or deny whether proceeds were the property of Swift.

34. Admitted.

35. Denied..

36. Denied.

37. Denied.

WHEREFORE Stickler requests that this Count be dismissed and for such other relief as this Court sees fit to grant

### COUNT III
### NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)

38. Stickler realleges and incorporates by reference his answer to each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

WHEREFORE Stickler requests that this Count be dismissed and for such other relief as this Court sees fit to grant.

## AFFIRMATIVE DEFENSES

1. Stickler owned and operated FCF, Creek Seafood Grill.

2. On or about August, 2014, Stickler began negotiations with his landlord to renew his lease at the location where FCF operated.

3. Stickler's landlord indicated that he was willing to renew the lease if FCF became current on its lease payments. The landlord also indicated that due to the condition of the shopping center where FCF was located, he would consider lowering the lease payment.

4. Stickler approached Plaintiff about borrowing money to use for the lease payment to the landlord for the purpose of renewing the lease.

5. Plaintiff did not provide all the funds required per the Agreement.

6. Stickler used the funds from Plaintiff to pay the landlord and to pay other expenses of FCF in anticipation of remaining in the shopping center where it had been located.

7. After bringing the rent current, the landlord informed Stickler that he would renew the lease with Jacob's Creek, but with an increase of $1000 per month.

8. Operating FCF with increased rent was not feasible.

9. Stickler found a new location and opened up Jacob's Creek.

10. Stickler contacted Plaintiff and indictaed to them that there payment would be made out of Jacob's Creek.

11. To that end, Stickler wired money from Jacob Creek to Plaintiff.

12 Jacob Creek closed due to a lack of business and was unable to make further payments to Plaintiff.

13. Without admitting any allegations of the Complaint, Stickler alleges that the Complaint fails to state facts sufficient to constitute a cause of action against Stickler.

14. The damages for which Plaintiff seeks relief were proximately caused, if at all, in whole or in part by third parties' negligent or willful acts or omissions and Stickler is in no way responsible for such acts, omissions, or failures.

15. Plaintiff has engaged in conduct and actions and/or entered into agreement(s) sufficient to estop it from bringing the causes of action asserted against Stickler.

16.     Plaintiff's purported claims against Stickler are barred by the doctrine of unclean hands. Without admitting any allegations of the Complaint, Stickler alleges that any failure of Stickler to perform their obligations under the contract described in the Complaint resulted from the Plaintiff's failure to perform as required by the terms of the contract sued on, and that performance on the Plaintiff's part of this obligation was a condition precedent to, or concurrent condition with, the performance of Stickler's obligation.

17.     The answering Stickler, at all times, acted in good faith and did not, directly or indirectly, know, induce, or in any way participate in any wrongful act or acts as alleged in the Complaint.

18.     Plaintiff did not rely on any representations made by Stickler in undertaking any of the conduct alleged in the Complaint, and if there was any such reliance, then said reliance was unjustified or unreasonable.

19.     Without admitting any allegations of the Complaint, Stickler alleges that Plaintiff's Complaint, and all claims therein, fail for lack of sufficient consideration.

20.     Without admitting any allegations of the Complaint, Stickler alleges that Plaintiff's action was automatically barred pursuant to Plaintiff's own breach of terms and conditions of the contract.

21.     Without admitting any allegations of the Complaint, Stickler alleges that if the Plaintiff was damaged in the manner set forth in the Complaint, Plaintiff's injuries were caused solely by the action of some other third parties other than Stickler.

22.     Without admitting any allegations of the Complaint, Stickler alleges that Plaintiff's Complaint, and all claims therein, are barred by the modification of the alleged agreements.

23.     Stickler reserves the right to amend this Answer as additional facts are discovered.

24.     Stickler alleges as an affirmative defense that Sticklers are entitled to a set off for all amounts transferred to the Plaintiff.

Dated this June 16, 2015

/s/ Michael J. Davis
Michael J. Davis, Reg. No. 44287
BKN Murray LLP
7695 E. Tennessee Ave., St. 330
Denver, CO 80224
Telephone: 720-361-6036
Fax 303-758-5055
Email:  mdavis@bknmurray.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 16th day of June, 2015, a true and correct copy of the foregoing was duly served via First class mail and ECF where applicable to the parties below

          */s/ Michael J. Davis*_____
            Michael J. Davis

  Aaron A. Garber #36099
  KUTNER BRINEN GARBER, P.c.
  1660 Lincoln St. Suite 1850
  Denver, CO 80624
  Telephone: (303) 832-2400
  Facsimile: (303) 832-1510
  E-mail: aag@kutnerlaw.com